**Tonya GREGORY, individually and as Guardian Ad Litem for Darren Duncan; et al., Plaintiffs—Appellants,**

v.

**COUNTY OF SACRAMENTO, a municipal corporation; et al., Defendants—Appellees.**

No. 04–16207.

D.C. No. CV–00–01424–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2006.*

Decided Feb. 17, 2006.

Darryl Parker, Esq., Seattle, WA, for Plaintiffs–Appellants.

Adrian Randolph, Randolph Cregger & Chalfant, LLP, Sacramento, CA, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before HALL, SILVERMAN, and GRABER, Circuit Judges.

## MEMORANDUM **

Plaintiffs Tonya Gregory, Darren Duncan, Allen Gregory, and Marvin Thompson appeal the district court's award of attorney fees pursuant to 42 U.S.C. § 1988. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In June of 2000, plaintiffs brought a § 1983 claim against the County of Sacramento and individual defendants, seeking $1 million in compensatory damages and $500,000 in punitive damages. Both parties moved for summary judgment. In July of 2002, the district court granted partial summary judgment in favor of the plaintiffs against the lead deputy sheriff, Jeff Lopez, on the issue of whether the entry into the house was consensual and the ensuing search lawful. The other individual defendants were granted qualified immunity with respect to the search. Triable issues precluded summary judgment on the other claims.

On the eve of trial in August 2003, the plaintiffs settled for the total amount of $17,500, allocated as follows: $4,000 for Tonya Gregory; $3,750 for Allen Gregory; $4,250 for Darren Duncan; and $5,500 for Marvin Thompson. Defendants also agreed to pay court costs and to submit to the district court the issue of attorney fees pursuant to 42 U.S.C. § 1988.

Plaintiffs sought attorney fees of $145,512.50, which represented two attorneys' aggregate number of hours billed multiplied by their respective hourly rate—commonly referred to as the "lodestar." The district court held that "the number of hours expended was reasonable in light of the case's complexity."

The district court then reduced the lodestar to reflect the level of success achieved by plaintiffs. The district court held that it was "not appropriate to award attorney fees that are so grossly disproportionate to the amount of recovery," and determined that an award of $50,000 adequately reflected "the limited amount of monetary success achieved in the case."

■ We review an award of attorney fees under 42 U.S.C. § 1988 for abuse of discretion. *Dang v. Cross*, 422 F.3d 800, 812 n. 11 (9th Cir.2005). "A district court abuses its discretion when it awards fees based on an inaccurate view of the law or a clearly erroneous finding of fact." *Benton v. Or. Student Assistance Comm'n*, 421 F.3d 901, 904 (9th Cir.2005) (internal quotation marks omitted). The amount of money a district court subtracts *after* calculating the lodestar figure is a matter for the district court's discretion. *McGinnis v. Ky. Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir.1995).

Plaintiffs argue that this reduction is an abuse of the district court's discretion. We disagree. The Supreme Court has held that a court's discretionary calculation of a "reasonable" fee under § 1988 must take into consideration the extent of a plaintiff's partial success. *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."). In fact, "the extent of a plaintiff's success is a *crucial* factor in determining the proper

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

amount of an award of attorney fees under 42 U.S.C. § 1988." *Id.* (emphasis added). Moreover, "where recovery of private damages is the purpose of civil rights litigation, a district court, in fixing fees, is obligated to give *primary consideration to the amount of damages awarded as compared to the amount sought." Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (internal quotation marks and alterations omitted) (emphasis added).

The proper approach to calculating attorney fees under § 1988 is what we have called the "hybrid" approach: first calculating the lodestar amount, then adjusting for other considerations, such as extent of success. *See Lytle v. Carl,* 382 F.3d 978, 988 (9th Cir.2004) (citing *Hensley,* 461 U.S. at 439, 103 S.Ct. 1933); *Morales v. City of San Rafael,* 96 F.3d 359, 365 (9th Cir.1997) (remanding for district court's failure to determine fee using lodestar method). Unlike the district court in *Morales,* the district court in this case followed the correct procedure.

■ Plaintiffs argue that *Morales* requires consideration of the "public purpose" served by a successful civil rights suit. *See Morales,* 96 F.3d at 364–65. However, the outcome in this case lacks the import and "tangible results" that might justify a large fee in a case with a small recovery. *See Benton,* 421 F.3d at 905 (defining litigation's "tangible results" to include "sparking a change of policy or establishing a finding of fact with potential collateral estoppel effects") (internal quotation marks omitted). Given the "considerable" discretion afforded to the district court in determining fees, *Corder v. Gates,* 947 F.2d 374, 380 (9th Cir.1991), we hold that the district court did not abuse its

discretion in awarding the fees in the amount it did.

AFFIRMED.